# AFFIDAVIT
## of
## SEAN McDERMOTT
## SPECIAL AGENT
## FEDERAL BUREAU OF INVESTIGATION

I, Sean McDermott, being first duly sworn, do depose and state that:

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), and am assigned to the Jefferson City, Missouri office. I have been an SA with the FBI for approximately nineteen (19) years. In the course of my career, I have participated in numerous investigations concerning violations of Title 18, United States Code. I am currently assigned to criminal investigations involving child exploitation and child pornography. I have gained expertise in the conduct of such investigations through training in seminars and everyday work related to these types of investigations. I have personally led multiple investigations involving child exploitation and child pornography.

2. As an SA, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States. At all times throughout this affidavit I use the term "child pornography" merely as shorthand to refer to visual depictions of actual minors engaged in sexually explicit conduct. I use the terms "visual depiction," "minor" and "sexually explicit conduct" as those terms are defined in 18 U.S.C. § 2256 (see below).

3. I am investigating activities occurring on a Cyberpower PC computer, tag number RC431KKWN31135200579, seized from DAVID ARABIE's residence on June 27, 2023. As will be shown below, there is probable cause to believe ARABIE used this computer to facilitate the sexual exploitation of children, including the receipt/distribution and/or possession of child pornography, all in violation of Title 18, United States Code, Section 2252. I am submitting this affidavit in support of a search warrant authorizing a search of the computer for the items specified in Attachment A, and to seize all items listed in Attachment A as instrumentalities, fruits and evidence of crime.

4. The statements contained in this affidavit are based on information I learned from other investigators familiar with this investigation. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence of violations of Title 18, United States Code, Sections 2252(a)(2) and 2252(a)(4)(B), specifically receipt/distribution and possession of child pornography, are located within the Cyberpower PC computer, tag number RC431KKWN31135200579, seized from ARABIE's residence on June 27, 2023.

## Statutory Authority

5. This investigation concerns alleged violations of Title 18, United States Code, Sections 2252 and 2252A, relating to material involving the sexual exploitation of minors. Title 18, United States Code, Section 2252A prohibits a person from knowingly transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any child pornography, as defined in 18 U.S.C. § 2256(8), when such child pornography was either mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, or when such child pornography was produced using materials that had traveled in interstate or foreign commerce.

## Definitions

6. The following definitions apply to this Affidavit and Attachment A:

   a. "Child Erotica," as used herein, means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions;

   b. "Child Pornography," as used herein, includes the definition in 18 U.S.C. § 2256(8) (any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is,

2

or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct), as well as any visual depiction, the production of which involves the use of a minor engaged in sexually explicit conduct (See 18 U.S.C. §§ 2252 and 2256(2));

      c.    "Visual depictions" include undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image. See 18 U.S.C. § 2256(5);

      d.    "Minor," as used herein, means any person under the age of eighteen (18) years;

      e.    "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any persons. See 18 U.S.C. § 2256(2);

      f.    "Computer," as used herein, is defined pursuant to 18 U.S.C. § 1030(e)(1), as "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device";

      g.    "Computer hardware," as used herein, consists of all equipment which can receive, capture, collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, or similar computer impulses or data. Computer hardware includes any data-processing devices (including, but not limited to, central processing units, internal and peripheral storage devices such as fixed disks, external hard drives, floppy disk drives and diskettes, and other memory storage devices); peripheral input/output devices (including, but not limited to, keyboards, printers, video display monitors, and related communications devices such as cables and connections), as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware (including, but not limited to, physical keys and locks);

      h.    "Computer software," as used herein, is digital information which can be interpreted by a computer and any of its related components to direct the way they work. Computer software is stored in electronic, magnetic, or other digital form. It commonly includes programs to run operating systems, applications and utilities;

      i.    "Computer-related documentation," as used herein, consists of written, recorded, printed, or electronically stored material which explains or illustrates how to configure or use computer hardware, computer software, or other related items;

      j.    "Computer passwords and data security devices," as used herein, consist of information or items designed to restrict access to or hide computer software, documentation or data. Data security devices may consist of hardware, software, or other

3

Case 2:24-sw-03001-WJE   Document 1-1   Filed 01/05/24   Page 3 of 7

programming code. A password (a string of alpha-numeric characters) usually operates as a sort of digital key to "unlock" particular data security devices. Data security hardware may include encryption devices, chips and circuit boards. Data security software or digital code may include programming code that creates "test" keys or "hot" keys, which perform certain pre-set security functions when touched. Data security software or code may also encrypt, compress, hide, or "booby-trap" protected data to make it inaccessible or unusable, as well as reverse the progress to restore it;

k. "Internet Protocol address" or "IP address" refers to a unique number used by a computer to access the Internet. IP addresses can be dynamic, meaning that the Internet Service Provider (ISP) assigns a different unique number to a computer every time it accesses the Internet. IP addresses might also be static, if an ISP assigns a user's computer a particular IP address which is used each time the computer accesses the Internet; and

l. The terms "records," "documents," and "materials," as used herein, include all information recorded in any form, visual or aural, and by any means, whether in handmade form (including, but not limited to, writings, drawings, painting), photographic form (including, but not limited to, microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies), mechanical form (including, but not limited to, phonograph records, printing, typing) or electrical, electronic or magnetic form (including, but not limited to, tape recordings, cassettes, compact discs, electronic or magnetic storage devices such as floppy diskettes, hard disks, CD-ROMs, digital video disks (DVDs), Personal Digital Assistants (PDAs), Multi Media Cards (MMCs), memory sticks, optical disks, printer buffers, smart cards, memory calculators, electronic dialers, Bernoulli drives, or electronic notebooks, as well as digital data files and printouts or readouts from any magnetic, electrical or electronic storage device).

## Background of the Investigation

7. On February 24, 2023, Missouri State Highway Patrol (MSHP) Investigators began an online file sharing child pornography investigation involving the BitTorrent file sharing network.

8. On May 3, 2023, MSHP Investigators executed a search warrant issued by the Miller County Circuit Court at ARABIE's residence in Miller County, Missouri. MSHP Corporal Kyle Seabaugh located a desktop computer in ARABIE's bedroom, which ARABIE admitted belonged to him. Images of child pornography were located during an on-scene preview of this computer. This computer and other electronic devices were seized from the residence to undergo a more extensive forensic examination.

4

9. Subsequent forensic examination yielded images and videos of child pornography on USB drives seized from ARABIE's bedroom. It was also determined the aforementioned desktop computer located in ARABIE's bedroom contained information regarding a file sharing program related to the BitTorrent online file sharing child pornography investigation.

10. During the investigation, it was determined ARABIE was transporting a computer or computers from his residence in Miller County, Missouri to his in-laws' residence in St. Francois County, Missouri, downloading files of child pornography from the Internet onto the computer(s), then transporting the computer(s) back to his residence.

11. ARABIE was arrested at the conclusion of the search warrant at his residence on May 3, 2023, and transported to the Miller County Jail. On June 27, 2023, Miller County Sheriff's Office Detective Randy Wheeler spoke with ARABIE's wife, identified as Shawn Helvey, via telephone. Helvey reported ARABIE telephoned her from the Miller County Jail, and told her to dispose of a computer located at their residence that was not previewed or seized during the execution of the search warrant. Helvey voluntarily agreed to turn the computer over to a Miller County Deputy. Miller County Deputy Weston Browner responded to the Helvey's residence the same day and seized the computer, identified as a Cyberpower PC, tag number RC431KKWN31135200579. This computer was secured in evidence at the Miller County Sheriff's Office.

12. On July 7, 2023, Corporal Seabaugh traveled to the Miller County Sheriff's Office and retrieved the Cyberpower PC computer. Corporal Seabaugh transported this computer to MSHP Troop F Headquarters located at 2920 North Shamrock Road, Jefferson City, Missouri, and submitted it into the Troop F Property Control System.

13. Corporal Seabaugh listened to recordings of telephone calls ARABIE made to Helvey while he was incarcerated at the Miller County Jail, and noted the following salient conversations:

   a. At approximately 2 minutes and 40 seconds into a call made on June 19, 2023, at or about 09:22 hours, ARABIE told Helvey, "Hey and that other one, you know what I'm talking about that's in the other room, throw it away, throw all that shit away. Ain't nothing on it, but." ARABIE then told Helvey to throw it out that night or that day so the trash would pick it up the next morning.

   b. At approximately 9 minutes 36 seconds into a call made on June 26, 2023, at or about 09:46 hours, ARABIE asked Helvey, "Did you throw that away as I mentioned to you?" Helvey replied, "What?" ARABIE responded, "You know what was in the other room." Helvey stated she had not, and ARABIE responded, "Yeah today and stuff cause trash comes tomorrow." Helvey responded, "Okay," and ARABIE stated, "Throw all that shit away."

## Conclusion

14. Based upon the foregoing, I assert that probable cause exists the Cyberpower PC computer, tag number RC431KKWN31135200579, seized from DAVID ARABIE's residence on June 27, 2023, contains evidence of the sexual exploitation of children, including the receipt/distribution and/or possession of child pornography, all in violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(a)(4)(B).

15. The facts set forth in this affidavit are true and correct to the best of my knowledge and belief.

Further, Affiant sayeth not.

_____
**Sean McDermott**, Special Agent
Federal Bureau of Investigation

Sworn to and subscribed via telephone on this, the 5th day January, 2024.

_____
**Willie J. Epps, Jr.**
Chief United States Magistrate Judge

7